UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAWRENCE E. SCHWIGER, | ) |
| Petitioner, | ) 3:09-cv-0454-LRH-VPC |
| vs. | ) **ORDER** |
| JACK PALMER, *et al.*, | ) |
| Respondents. | ) |

Before the Court is respondents' Motion to Dismiss (ECF No. 56) following petitioner's return to state court for purposes of exhausting his habeas claims. Petitioner, who is represented by counsel, opposes the motion (ECF No. 61, 65-1), seeking leave to file pages that exceed the rule's limit (ECF No. 63). That motion is unopposed and shall be granted. Respondents have filed a Reply (ECF No. 64) and petitioner has also filed Supplemental Authorities in opposition of dismissal (ECF No. 66). The briefing is complete and the matter is ready for decision, as set forth herein.

**I. Procedural Background**

    A.    <u>State Court Proceedings</u>

Petitioner was charged on an Information filed March 21, 2001, with four counts of lewdness with a child under the age of fourteen and two counts of sexual assault with a minor under fourteen. Ex. 7.[1] On April 20, 2001, petitioner was indicted on five counts of solicitation to commit murder. Ex. 14. The cases were joined and petitioner ultimately entered an *Alford* plea to one count lewdness

---

[1] The exhibits referenced in this order were submitted by petitioner in support of his amended petition for writ of habeas corpus and are found in the Court's record at ECF Nos. 49-54 and 62.

with a child under fourteen and two counts of solicitation of murder.[2]  Exs. 34 and 35.

Petitioner filed a motion to withdraw his guilty plea on September 25, 2001.  Ex 37.  The motion was denied and the Judgment of Conviction was entered on December 11, 2001.  Ex. 43.  Petitioner appealed and following briefing, the Nevada Supreme Court affirmed the conviction on August 24, 2004.  Ex. 63.  A proper person post-conviction petition was submitted for delivery to the court on August 14, 2005.  Ex. 71.  A supplemental petition was filed on April 10, 2006.  Ex. 85.  Six months later, just prior to a scheduled hearing on the petition, petitioner filed a document entitled Judicial Notice in which he advised the court of his desire to raise three additional grounds for relief.  Ex. 96.  The Notice advised the court that petitioner "reserve[d] the right to add these issues to his currently filed petition," and requested leave of the court to "further develop said grounds in a Second Supplemental petition." *Id.* The balance of that Notice was to advise the court of petitioner's travails with administrative segregation and his refusal to wear an orange jumpsuit instead of his own clothing to court.  *Id.*  The state court denied the petition and entered its findings of fact and order on December 20, 2006.  Ex. 107.  The Nevada Supreme Court affirmed the denial in an order entered July 18, 2007.  Remittitur issued on August 14, 2007.  Ex. 123.

While these matters were pending, petitioner filed a motion for modification of his sentence.  Ex. 116.  This motion was denied by the trial court on June 26, 2007.  Ex. 118.  On December 17, 2007, petitioner mailed a post conviction motion to withdraw his guilty plea.  Ex. 124.  That motion, too, was denied.  Ex. 128.  Petitioner appealed both orders and those appeals were consolidated and the denials affirmed on April 10, 2008.  Ex. 130.

B. Federal Court Proceedings

i. *3:07-cv-00382-LRH-VPC*

On August 20, 2007, petitioner mailed his first federal habeas petition "on or about" August 20, 2007, which initiated case number 3:07-cv-00382-LRH-VPC.[3]  In response to the Court's order for petitioner to amend his petition to show "when and how" his claims were exhausted, petitioner

---

[2] *North Carolina v. Alford,* 400 U.S. 25 (1970).

[3] References to this case docket are made by petitioner, and by this Court, as 1-CR __.

2

moved for clarification (1-CR7) and filed a memorandum regarding his petition (1-CR-9), which argued his innocence and various wrong-doings of the state. On May 22, 2008, when no amended petition was filed and no satisfactory explanation of the exhaustion question provided, the Court entered an order dismissing the petition without prejudice and directed the entry of judgment. 1-CR 11.

In August, 2008, petitioner attempted to reopen the federal action with a Notice re Amended Petition (1-CR 13). On April 3, 2009, the Court denied petitioner's new motion for appointment of counsel and advised petitioner that he was entitled to bring his exhausted claims in a new action. 1-CR 16.

ii. *3:09-cv-00454-LRH-VPC*

This instant habeas action was initiated on August 14, 2009, when the Clerk of Court received an application to proceed in *forma pauperis* (ECF No. 1), along with a habeas petition and Notice to the Court (ECF Nos. 1-1 through 1-4, and 1-5) which advised the Court of petitioner's lack of expertise in the law and stated his belief that the Court had been wrong to dismiss his original federal petition filed in 2007. When petitioner's motion for counsel was denied, he advised the Court of his intent to seek an interlocutory appeal of the decision and requested a stay of the proceedings for that purpose. ECF No. 6. While the appeal was pending, respondents filed a motion to dismiss the petition (ECF No. 13), which petitioner opposed (ECF No. 21) along with a motion to reconsider appointment of counsel (ECF No. 22). Respondents replied to the motion to dismiss (ECF No. 23). The Court granted reconsideration and appointed the Federal Public Defender to assist petitioner with these proceedings. The motion to dismiss was denied without prejudice and an amended petition was ordered to be filed. ECF No. 31.

Through counsel appointed in this action, petitioner sought to have his original action reopened and, when that request was denied, he sought a stay and abeyance of these proceedings in order to permit an appeal of the denied motion to reopen. ECF No. 42. The stay was granted, but he was denied a certificate of appealability in the 2007 action. 1-CR 32. Petitioner was left to pursue these proceedings and respondents filed their motion to dismiss on June 11, 2012. ECF No. 56. The matter is fully briefed and the arguments are addressed below.

3

**II. Discussion**

Respondents move to dismiss the Amended Petition as untimely filed, and containing unexhausted grounds, and as raising claims that are barred under the holding of *Tollett v. Henderson,* 411 U.S. 258 (1973). ECF No. 56.

    A.    <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner who was unsuccessful on direct appeal can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

Furthermore, a properly filed petition for state post-conviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). The triggering date for the recommencement of the AEDPA limitations period after post-conviction review for Nevada prisoners is the Nevada Supreme Court's issuance of the remittitur, rather than the date it is received in the district court, or filed in the Nevada Supreme Court. *Duncan v. Walker*, 533 U.S. 167, 178, 121 S.Ct. 2120 (2001); *see Gonzales v. State of Nevada*, 118 Nev. 590, 53 P.3d 901, 901-03 (2002); *see also Glauner v. State*, 107 Nev. 482, 813 P.2d 1001 (1991).

Petitioner's conviction became final on November 22, 2004, ninety days after the Nevada Supreme Court affirmed his conviction on direct appeal. *Bowen*, 188 F.3d at 1159. The one-year period commenced the next day and continued to run until petitioner filed his state post-conviction petition on August 22, 2005. This period expended 272 days. Fed.R.Civ.P. 6(a)(1)(A). However, the time during which the state post-conviction petition was pending in the Nevada courts was tolled under the statute. *See* 28 U.S.C. § 2244(d)(2). When the Nevada Supreme Court issued its remittitur on post-conviction review on July 8, 2008, the clock restarted. By the time petitioner filed his 2009

federal habeas petition, another thirteen months were expired. Thus, the federal petition was filed more than one year after petitioner's conviction became final and must be dismissed absent some mechanism which would further toll the statute of limitations.

Petitioner argues that his petition is not barred by the statute of limitations, offering the following calculations. First, petitioner argues that he is entitled to the benefit of the mailbox rule in the filing of his state post-conviction petition, citing *Campbell v. Henry,* 614 F.3d 1056, 1058-59 (9th Cir. 2010), reducing the days expended during the first interval of untolled time from 273 to 265 days. Respondents counter that under *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361 (2000), *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005), and *Allen v. Siebert,* 552 U.S. 3, 7-8, 128 S.Ct. 2 (2007), the mailbox rule does not apply because, under Nevada law, a state post-conviction petition is not entitled to the benefit of a mailbox rule and if it is not actually filed with the court before the expiration of the one-year limitations period, it is untimely and, therefore, not properly filed. *See e.g. Gonzales v. State,* 118 Nev. 590, 53 P.3d 901, 903-04 (2002).

While it is unlikely to be determinative of the ultimate question, the Court finds that petitioner is not entitled to the benefits of the mailbox rule in the filing of his state post-conviction petition because to allow such benefit would ignore the holdings of *Pace, Artuz and Siebert.* Therefore, the days expired between the finality of his conviction on November 22, 2004, and the filing of his state post-conviction petition is 272 days.

Next, petitioner asserts his clock was tolled during the pendency of his state post-conviction proceedings, a point not contested by either the respondents or the Court. Thus, the clock restarted and time began to run on July 9, 2008, the day after issuance of the remittitur on post-conviction appeal. Petitioner acknowledges that the clock continued to run against the one-year limitations period until he mailed his federal petition to this Court on August 11, 2009, expending an additional 398 days. Petitioner calculates a total of 663 days, the Court calculates a total of 670.[4] Thus, as petitioner notes, his petition was not filed within the year absent "relation-back provisions and/or equitable and statutory tolling." Opposition to Motion to Dismiss (Oppo.) at 7.

---

[4] The difference is the inapplicability of the mailbox rule to the state post-conviction petition.

Petitioner argues that he is entitled to both statutory and equitable tolling during the periods between his direct appeal and state post-conviction filing and the dates between completion of his post-conviction review and the filing of the instant petition.

B. <u>Equitable Tolling</u>

*Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) provides the basic law governing equitable tolling of the AEDPA statute of limitations:

> As we have previously held, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), overruled on other grounds by *Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (*en banc*) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because petitioner was allegedly mentally incompetent).

*Tillema*, 253 F.3d at 504; *see also Holland v. Florida*, 130 S.Ct. 2549, 2562-63 (2010).

The Ninth Circuit Court of Appeals has made clear that equitable tolling is available in very limited cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d at 1107. A petitioner may benefit from equitable tolling only "if extraordinary circumstances beyond [his] control make it *impossible* to file a petition on time." *Miranda*, 292 F.3d at 1066 (quoting *Calderon v. United States Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Kelly*, 163 F.3d 530)(emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir.), *cert*. denied, 531 U.S. 878 (2000)).

Petitioner argues that the dismissal of his 2007 federal habeas petition was in error and that the restrictive conditions at the Lovelock Correctional Center (LCC), where he is housed, together with the denial of access to his legal files, made it impossible for his to timely file his petition.

///

i.  *Dismissal of 2007 Petition*

Relying on *Smith v. Ratelle,* 323 F.3d 813, 819 (9th Cir. 2003), petitioner contends that the district court's erroneous dismissal of his petition is "sufficiently extraordinary to justify equitable tolling." He argues that the Court erroneously concluded the petition contained unexhausted claims and that the dismissal, without offering stay and abeyance of the proceedings, was improper.

In *Ratelle*, the district court dismissed a mixed petition without affording the petitioner an opportunity to stay the federal proceedings, advising the petitioner that after dismissal he could file a new petition that did not contain the unexhausted claim or return to state court to exhaust that claim. The circuit court found that under the recently imposed AEDPA one-year limitations period, the dismissal was in error because the one-year statute of limitations expired while the federal petition was pending, preventing Smith from presenting all of his claims to the federal court for a review on the merits. The court noted:

> Because the statute of limitations may prevent a petitioner from submitting a new petition under *Lundy*, we have long held that district courts must allow petitioners to amend their mixed petitions and withdraw their unexhausted claims as an alternative to suffering dismissal. *See Anthony* [*v. Cambra*], 236 F.3d [568] at 572 [9th Cir. 2000)]. Moreover, in light of the severe consequences of a dismissal under AEDPA, the complexity of habeas law, and our preference for decisions on the merits, we have recognized that district courts must take special care to advise pro se habeas petitioners of their right to strike unexhausted claims.
>
> The district court erred by summarily dismissing Smith's second habeas petition and entering final judgment without first giving him an informed opportunity to withdraw his one unexhausted claim before dismissal. Although the court told Smith that he could withdraw his unexhausted claim through a new petition after dismissal and final judgment, this option was illusory: because the limitations period had already expired, any new petition would have been untimely. *See Ford [v. HubbardI]*, 305 F.3d [875] at 883-84 [(9th Cir. 2002)]; *James [v. Pliler*,] 269 F.3d [1124] at 1126; *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir.2001)

*Smith,* 323 F.3d at 817-818.

*Smith* is distinguishable from the facts of petitioner's 2007 habeas action. Petitioner's 2007 petition was received by the Court on August 27, 2007, almost one year before his state post-conviction review was completed. It was dismissed on May 22, 2008, by the Court under Rule 4 of the Rules Governing Section 2254 Cases after petitioner was given an opportunity to amend the

7

petition to show that the grounds it contained were exhausted, where the face of the petition indicated that petitioner still had matters pending in state court. 1-C 5, at 2. The Court's original screening order fully and fairly advised petitioner that if he was unable to demonstrate "how and when" his claims for relief in his petition were exhausted, the matter would be dismissed. *Id.* at 3.

In response to the Court's directive, rather than file the amended petition, or at least advise the Court of "how and when" the various claims had been presented and decided by the Nevada Supreme Court, petitioner filed numerous letters, memoranda, and motions for reconsideration claiming that the confiscation of his "personal typewriter," particularly because he suffered with carpel tunnel disease, and his limited access to the legal assistance interfered with his ability to pursue his legal actions. *See e.g,* 1-CR 3, 4, 7, 8, 9 and 10. In the initial motion for clarification of the Court's directive to amend the petition, petitioner stated that he had not retained a copy of his petition, and asked the Court to advise him of which claims it believed were unexhausted. 1-CR 7 at 2. He further admitted that there were "a few motions which were denied by the state district court which [were] currently on appeal and pending before the Nevada Supreme Court," *id.,* and that there were other motions not yet decided that would also have to be appealed. *Id.* at 3. Petitioner further claimed that he "believed" all claims to be exhausted, but was unable to say how or when without the Court's further explanation. *Id.*

Given the mixed messages in this motion, the admission that there were numerous claims still pending in state court, statements made within the original petition indicating a lack of exhaustion, and petitioner's apparent unwillingness to provide the court with the information that it sought, dismissal without prejudice was appropriate. Moreover, petitioner was given more than the initial thirty days to comply with the Court directive, and still the petition was dismissed at least two months before his state post-conviction remittitur was issued. *See Young v. Fraker,* 2012 WL 1884595 (W.D. Wash, 2012) (distinguishing case where statute of limitations had not expired at time of dismissal); *see also Pliler v. Ford,* 542 U.S. 225, 124 S.Ct. 2441 (2004) (holding that courts have no affirmative duty to explain the requirements of the AEDPA or advise them of their options before dismissal).

///

In her concurring opinion in *Pliler*, Justice O'Connor noted that only if the district court affirmatively misleads a petitioner as to his ability to refile his federal petition after dismissal for exhaustion, would equitable tolling be appropriate. *Id.* at 235; *accord Brambles v. Duncan,* 412 F.3d 1066, 1070-71 (9th Cir. 2005). The Court's dismissal of the premature 2007 petition was not misleading and did not foreclose petitioner an opportunity to bring a fully exhausted federal petition before the expiration of the one-year limitations period. Petitioner's August 21, 2008, decision to attempt to revive the 2007 action, by filing a Notice with attached Amended Petition, cannot be considered an extraordinary circumstance which made it impossible to timely file. The decision was petitioner's and he must bear the burden of that decision. Furthermore, his ability to present the court with another 100-plus page amended petition in that action undercuts any argument that petitioner was prevented by the Court from timely filing his petition. Petitioner is not entitled to equitable tolling on this basis.

      ii.  *District Court's Conclusion that 2007 Petition Not Fully Exhausted.*

Next, petitioner argues he is entitled to equitable tolling because the district court erred in determining that his 2007 petition contained unexhausted claims for relief. In fact, petitioner alleges that grounds one through seventeen of the original petition in the 2007 action were exhausted; grounds one through thirteen in the state post-conviction action and grounds fourteen through seventeen in the direct appeal. He avers that the claims raised in the motions and appeals that were still pending in the state courts were either mere expansions of claims that were exhausted or involved grounds not raised in the "instant [2009] petition." Oppo. at 10.[5]

Initially, the Court notes that petitioner admits on the first page of his 2007 federal petition that grounds 12 and 13 were never raised in the state courts as independent grounds, but were "raised in substance (within other grounds)" 1-CR 6 at 1, item 4. A review of the claims for relief presented to the state courts prior to the filing of the original 2007 petition reveals grounds 12 and 13 were never presented to the state courts as stand alone claims, but were or may have been raised "de facto" as part of the record or as facts incorporated into other claims. According to petitioner, ground 13, in

---

[5] The relevance of this argument eludes the Court. It is not what claims he has raised in this 2009 petition, but rather, what claims he raised in the 2007 petition that are at issue for purposes of this discussion.

9

particular, was raised as a claim of ineffective assistance of counsel claim, not a claim of denied due process and equal protection, as was presented to this Court in the 2007 petition.

Exhaustion requires the state prisoner give the state courts a "*fair* opportunity to act" on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan,* 526 U.S. at 844, 119 S.Ct. 1728 (emphasis added); *see also Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887 (1995); *Lyons v. Crawford,* 232 F.3d 666, 668 (2000), *as modified by* 247 F.3d 904 (9th Cir.2001). The state prisoner must describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Kelly v. Small.* 315 F.3d 1063, 1066 (9th Cir. 2003) (quoting *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276 (1982) (citing *Picard v. Connor,* 404 U.S. 270, 276-77, 92 S.Ct. 509 (1971)); *see also Lyons,* 232 F.3d at 670 (holding that a petitioner must characterize the claims raised in state proceedings "*specifically* as federal claims") (emphasis in original).

Thus, any suggestion that these grounds were exhausted through their inclusion as arguments or facts to support a different, separate claim is untenable. Grounds 12 and 13 were not fairly presented to the state court in a context that would permit the court to examine and possibly grant relief on the claims.

Any suggestion that the claims were exhausted because they were provided to the Nevada Supreme Court as part of the record on post-conviction appeal through petitioner's Notice to the Court as a subsequent pleading is also rejected. In *Castillo v. McFadden*, 399 F.3d 993, 999-1000 (9th Cir.2005), the Ninth Circuit held that a petitioner may not rely on his lower-court briefs and pleadings to present a federal claim to the state's highest court. Rule 28(e)(2) of the Nevada Rules of Appellate Procedure (NRAP) supports this holding. Under that rule, parties may not incorporate briefs or memoranda filed in the state district court for argument on the merits of an appeal. Therefore, the presence of petitioner's "subsequent pleadings" as part of the lower court record transmitted to the Nevada Supreme Court on appeal is inadequate to exhaust claims contained in those "pleadings." The provisions of the Nevada Rules of Appellate Procedure (NRAP) 30(b)(2)(A) and (3) require the inclusion of the district court pleadings in the appendix as a matter of course. The

mere presence of a pleading, or in this case a Notice to the Court, in an appendix on a Nevada appeal does not exhaust any claim which may be set forth therein. Generally, in order to fairly present a claim to a state appellate court, a petitioner must present the claim to the court within the four corners of his appellate briefing. *E.g., Castillo*, 399 F.3d at 1000, 1002 n. 4; *see also Baldwin v. Reese*, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351 (2004)("We ... hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.")..

Grounds 12 and 13 of the 2007 petition were not exhausted and the dismissal of the petition as mixed was not improper. Petitioner is not entitled to equitable tolling of the limitations period on this basis.

### iii. *Restrictive Conditions of Confinement*

Petitioner argues that he was denied meaningful access to the courts due to the restrictive conditions of his confinement at LCC. Specifically, he claims that his continued protective custody housing during the majority of his incarceration resulting in his inability to physically visit the law library, the use of a library paging system which requires specific case citations and disallows direct access to inmate law clerks, the limited number of legal cases or resources allowed at a time, the absence of experienced and knowledgeable law clerks, and the confiscation of his typewriter by the prison officials violated his First Amendment right to access the courts. These conditions, he avers, prevented him from understanding complex procedural theories of federal habeas and this lack of understanding in turn prevented him from timely filing his federal petition.

A petitioner is not entitled to equitable tolling for periods of time he is in administrative segregation or periods with limited access to the law library and copy machine because such conditions are neither extraordinary nor make it impossible to file a habeas petition. *Ramirez v. Yates,* 571 F.3d 993, 997-1001 (9th Cir. 2009). Although prisoners have a constitutional right of access to courts guaranteed by the Fourteenth Amendment, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), there is no established minimum requirement for satisfying the access requirement; rather, "a reviewing court should focus on whether the individual plaintiff before it has been denied

meaningful access." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir.1989). In *Lewis v. Casey*, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." *Id*. at 354. The Court specifically rejected the notion that the state must enable a prisoner to "litigate effectively once in court." *Id.* (quoting and disclaiming language contained in *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)); *see also Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

Petitioner's allegations that his inability to bring his federal petition in a timely manner was the result of his conditions of confinement and the availability of legal resources are unpersuasive, particularly where petitioner was able to prepare and file a complete and voluminous federal habeas petition, premature though it was, in 2007, an amended petition of similar content in 2008 and a third such petition in the instant action. *See* 1-CR 6, 1-CR 13 and ECF No. 4. The record clearly demonstrates that petitioner has been able to muster the required resources and assistance to bring his claims to the courts in a timely manner, had he so chosen.

### iv. *Denial of Access to Legal Files*

Petitioner's final argument for equitable tolling revolves on his contention that during the initial period between when his conviction became final and he filed his original state post-conviction petition, he was denied access to his legal files.

In this circuit, denied access to a petitioner's legal files may be grounds for equitable tolling because it is "unrealistic" to expect a habeas petitioner to prepare and file a meaningful petition on time without assistance or access to his legal file. *Spitsyn v. Moore,* 345 F.3d 796, 801 (9th Cir. 2003); *Lott v. Mueller,* 304 F.3d 918 (9th Cir. 2002) (remanding with suggestion that equitable tolling may be appropriate if, as alleged, petitioner was denied access to legal materials.) However, where the denied access occurred early in the limitations period, "it will normally be much more difficult for a petitioner to demonstrate causation" because, with diligence, he would have time to overcome the "extraordinary circumstances" which caused his delay. *Allen v. Lewis,* 255 F.3d 798, 800 (9th Cir. 2001); *see Spitzen*, 345 F.3d at 801("'[I]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the

link of causation between the extraordinary circumstances and the failure to file is broken.'" (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000)); *Lott*, 304 F. 3d 918.

Petitioner outlines his diligent efforts to obtain his legal files from counsel which expended some 263 days. Oppo, pp. 21-23. However, even if counsel's failure to provide the file and transcripts caused this delay, petitioner was still able, through his diligence, to file and litigate his state post-conviction petition on time. Moreover, even if the 263 day period was tolled, petitioner expended a total of 663 days in filing the instant federal petition and reducing that figure by 263 still leaves him close to 40 days over the 365 days he is allowed. Petitioner is not entitled to equitable tolling on this basis.

C. Statutory Tolling

Petitioner also argues that he is entitled to statutory tolling for the period of time he was in protective custody, which he alleges is a state created impediment which made it impossible to file his federal habeas petition on time. He also argues he is entitled to statutory tolling during the time he was denied his legal files.

28 U.S.C. § 2244(d)(1)(B) provides for the statutory clock to start on the "date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

While in protective custody petitioner alleges that he was unable to access legally trained inmates who could assist him and was not allowed to visit the law library, where he could effectively research the legal issues arising in his criminal proceedings. He also alleges this limited his ability to research and understand "complex procedural theories, such as exhaustion," which prevented him from filing his federal petition in a timely manner. *See Lott,* 304 F.3d at 925-26 (suggesting that equitable tolling may be appropriate if, as alleged, petitioner was denied access to legal materials during prison transfers).

Petitioner also alleges that his counsel's retention of his legal files for a period of 263 days, as noted above, also equates to a state created impediment, where his counsel was appointed by the court. *See Spitzen,* 345 F.3d at 801 (It is "unrealistic" to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file).

13

As discussed in the previous section, petitioner has not demonstrated that he was unable to timely file his federal habeas petition under either of these circumstances. He did, in fact, file at least three separate petitions. However, his strategic decision to attempt to reopen an already dismissed action, rather than initiate a new action after his state court proceedings were concluded resulted in his untimely filing of this petition. While the conditions described may have made it more difficult to peruse his federal remedies, they did not make it impossible.

### III.  Conclusion

Petitioner is not entitled to tolling of the statute of limitations under either the statutory or equitable mechanisms that are available. He has not demonstrated he was prevented from timely filing either by state actions or other circumstances out of his control. This petition shall be dismissed as untimely. Discussion of Respondents alternative arguments is, therefore, unnecessary.

In order to proceed with an appeal from this Court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id. The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and determines that petitioner is entitled to a

14

certificate of appealability on the issue of whether it was error for the district court to dismiss his 2007 habeas petition without advising him at that time of his need to refile in a new action once his claims were exhausted.

**IT IS THEREFORE ORDERED** that the Motion to File Excess Pages (ECF No.63) and Motion to Dismiss (ECF No. 56) are **GRANTED.** The petition is **DISMISSED WITH PREJUDICE AS UNTIMELY**.

**IT IS FURTHER ORDERED** that the Court grants petitioner a certificate of appealability on the question of whether or not the district court was required, at the time it originally dismissed the 2007 petition, to advise petitioner to file a new action once his state court proceedings were completed.

The Clerk shall enter judgment accordingly.

DATED this 6th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE